UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CASSONDRA SUZETH KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19CV3312 SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

COMES NOW Defendant United States of America, by and through its counsel, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves this Court to enter its order dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction. In support of its motion, Defendant states:

1.  This Court lacks subject-matter jurisdiction over Plaintiff's complaint because she failed to exhaust her administrative remedies before filing suit in federal district court. In a single-count complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq. (FTCA), Plaintiff alleges that that Department of Veterans Affairs (VA) is liable for decedent Rosemarie Ismail's (Decedent) death. However, neither Plaintiff nor any beneficiary named in Missouri's wrongful death act, R.S.Mo. § 537.080, presented such a claim to the VA. Instead, the claim form, Standard Form – 95 (SF-95), lists only Susan Christine Mullen, personal representative of Rosemarie Ismail (Personal Representative) as the sole claimant. Personal Representative, however, lacks standing to bring a wrongful death claim. No claimant with wrongful death standing presented such a claim to the VA. Therefore, this Court should dismiss Plaintiff's complaint.

1

2. Plaintiff alleges that the VA negligently treated Decedent in March 2017. In October 2018, Personal Representative filed SF-95, and it lists Personal Representative as the sole claimant. Exhibit A to Plaintiff's Complaint at #2. SF-95 does not identify Plaintiff as a claimant in the claimant section or elsewhere on the form. Furthermore, the form states that "[t]his is a claim for wrongful death and lost chance of survival." Id. at 38. Finally, in the section for identifying the claim amount, the SF-95 lists an amount for wrongful death equal to the total amount. Id. at ## 12c & d. It does not list a personal injury amount. Id. at # 12b. The VA denied the claim via certified letter mailed on June 26, 2019. Exhibit B; Exhibit 1 at ¶ 4 attached hereto and incorporated by reference herein. It notes that if claimant disagrees with the VA's decision, suit must be filed within six months of the letter's mailing. Exhibit B. The VA mailed the letter on June 16, 2019. Exhibit 1 at ¶ 4. Plaintiff filed suit on December 20, 2019. Docket (Doc.) 1. On December 30, 2019, this Court granted Plaintiff's motion to appoint Susan Christine Mullen as Plaintiff ad litem. Doc. 2-4.

3. Sovereign immunity shields the federal government and its agencies from suit. Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011). The FTCA is a limited waiver that allows an individual injured by a federal-employee's negligence to sue the government. Id. In order to bring an FTCA claim however, the claimant must first present the claim to the correct agency and have it denied by the agency. Id. Compliance with the presentation requirements is a jurisdictional precondition to filing an FTCA lawsuit. Id. at 808. A claimant notifies an agency of the claimants and claims via SF-95. A claimant satisfies the notice of presentment requirement if she provides sufficient information to the agency to investigate the claims and the amount sought. Simms by and through Vaughn v. United States, 2019 WL 4451257, *2 (E.D. Mo. Sept. 17, 2019). Moreover, "two prerequisites for administrative investigation are the identity of the

claimants, and the nature of the claim." Id. This means that "[i]f there are multiple claimants, each claimant must submit his or her own administrative claim before pursuing an FTCA lawsuit." Id.

4. In Missouri, wrongful death and lost chance of survival are two separate claims with rights that belong to two separate claimants. Smith v. Tang, 926 S.W.2d 716, 719 (Mo.App. 1996). "[A] wrongful death action belongs to the decedent's survivors, not the decedent, and does not vest in the decedent's estate." Id. Missouri's wrongful death statute, R.S. Mo. § 537.080.1(3), identifies those individuals entitled to bring a wrongful death action, and Personal Representative is not among them. "A lost chance of survival action is a personal injury action which belongs solely to the injured party." Id. By statute, either the personal representative of the estate or a plaintiff ad litem may bring a lost chance of survival claim. R.S. Mo. § 537.030.1(1).

5. This Court lacks subject matter jurisdiction because SF-95 does not identify a wrongful death claimant. SF-95 identifies Personal Representative as the only claimant, and Personal Representative lacks standing to bring a wrongful death claim. This means that no claimant entitled to bring a wrongful death claim exhausted the claim by presenting it to the VA. Plaintiff may argue "no harm, no foul" because: (a) the Court recently granted her motion to appoint a plaintiff ad litem; and (b) pertinent regulation, 28 C.F.R. § 14.3(c), contemplates that either a personal representative or a wrongful death beneficiary might bring a claim. Neither argument, however, survives a more thorough analysis. First, the appointment of a plaintiff ad litem does not cure Plaintiff's failure to exhaust her administrative claim since the plaintiff ad litem did not present the wrongful death claim to the VA. Second, the regulation, on its face, indicates that State law dictates whether a personal representative or the beneficiaries must present the claim. This is consistent with the concept that the government can only be held liable to the same extent

that a State holds a private person liable. See 28 U.S.C. §§ 1346(b) and 2674. Since Missouri law would only hold a private person liable in a wrongful death suit to one on the wrongful death beneficiaries, the government can likewise only be held liable to a wrongful death beneficiary. This means that one of the wrongful death beneficiaries needed to present the claim, not Personal Representative.

6. Plaintiff may seek leave to amend her claim to name Personal Representative as a new plaintiff. Plaintiff will argue that since Personal Representative arguably exhausted the lost chance of survival claim, this Court should grant her leave to amend her complaint. However, while Rule 15 of the Federal Rules of Civil Procedure suggests that a court should grant leave to amend when justice so requires, there are limitations. First, a court may not grant leave to amend to "confer jurisdiction that was not present at the outset by permitting addition or substitution of a party." TKE Enterprises v. Crack Team, U.S.A., Inc., 2013 WL 1883073, *2 (E.D. Mo. May 6, 2013). This means that "[w]hile a district court can remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts." Id. See also Penn Millers Ins. Co. v. United States, 472 F.Supp.2d 705, 714 (E.D.N.C. 2007). Furthermore, a court should deny a motion for leave to amend where the amendment would be futile. Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999).

7. Here, this Court should deny a motion for leave to amend both for both reasons. First, it lacks jurisdiction to entertain a motion to amend because Plaintiff failed to exhaust her administrative remedies. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). A court without subject-matter jurisdiction "never had the power to consider any part of the case, including motions . . . ." United States v. Hartwell, 448 F.3d 707, 714 (4th

Cir. 2006). This means that the Court lacked the power to consider Plaintiff's motion to appoint a plaintiff ad litem and lacks the power to grant a motion to amend. Second, granting the motion to amend would be futile. As the Penn Millers Ins. Co. found in similar circumstances, granting a motion to amend would be futile as the applicable statute of limitations bars a claim for lost chance of recovery since it was not brought within six months after the VA mailed the declination letter, and it does not relate back to Plaintiff's original filing. Furthermore, it would be futile because a plaintiff alleging lost chance of recovery could not recover damages. A claim for lost chance of recovery is a personal injury claim, and claimant alleged no personal injury loss amount in the SF-95. By statute, an FTCA plaintiff cannot recover damages greater than those claimed in the SF-95. 28 U.S.C. § 2675(b).

    8.    Defendant attaches hereto and incorporates by reference herein the following:

        a.    Defendant's Memorandum in Support of Its Motion to Dismiss; and

        b.    Declaration of Hector L. Santiago with attachments (Exhibit 1).

WHEREFORE, Defendant United States of America moves this Court to enter its order dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

/s/ Roger A. Keller, Jr.
ROGER A. KELLER, JR., MO #42541
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102
(314)539-2200
Fax: (314)539-2196
Email: roger.keller@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2020, the foregoing Motion to Dismiss was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon: Matthew P. O'Grady, The Onder Law Firm, 110 E. Lockwood, 2nd Floor, St. Louis, Missouri 63119.

                                                /s/ Roger A. Keller, Jr.
                                                ROGER A. KELLER, JR