**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CASSONDRA SUZETH KING, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-03312 SRC |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

Rosemarie Ismail, a veteran of the United States Armed Forces, died shortly after receiving treatment at the VA Medical Center; she left only distant relatives as heirs at law. Susan Mullen, Ismail's closest personal friend, laudably seeks damages for the heirs, asserting that the VA negligently caused Ismail's death. Under federal law, a plaintiff may sue the government for the VA's torts only after a person authorized by state law presents the claim to the VA and exhausts executive remedies. Under the circumstances of this case, a combination of federal and state law only authorize a person "appointed by the court having jurisdiction over the action" to present the claim to the VA. This case thus presents a unique situation in which Mullen could not pursue this suit until she had presented the claim to the VA, but she could not present the claim to the VA until she had filed this suit. The United States now seeks dismissal of this matter for lack of subject matter jurisdiction. The Court is constrained by law to grant the motion [6].

**I.      BACKGROUND**

The Complaint alleges the VA Medical Center in St. Louis, Missouri, acted negligently when providing care to Ismail causing her death. The Complaint asserts a claim for medical

1

malpractice and wrongful death under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402, and 2671 *et seq*.  Mullen, who knew Ismail for over 50 years, is the personal representative of Ismail's estate.  Doc. 2.  Mullen retained a firm to conduct research to find Ismail's heirs and after 17 months, the firm identified nine heirs, including Plaintiff Cassondra Suzeth King, Ismail's paternal first-cousin-once-removed of the half blood.  *Id*.  The probate court determined that the nine individuals found by the firm were heirs of Ismail; thus, King is an heir of Ismail's estate.  *Id*.

King filed the Complaint in this case and immediately sought approval of Mullen as plaintiff ad litem because she believed Mullen was in a good position to bring the case on behalf of all of Ismail's heirs.  *Id*.  The Court approved Mullen as plaintiff ad litem for the purposes of this lawsuit.  Doc. 4.  The United States now seeks dismissal of this matter for lack of subject matter jurisdiction, asserting Mullen did not have authority to file a claim before the VA and therefore, did not satisfy the jurisdictional requirements of the FTCA.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction.  Dismissal under Rule 12(b)(1) is appropriate when a movant successfully challenges subject matter jurisdiction on the face of the complaint or on the facts.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  Because a Rule 12(b)(1) motion addresses "the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a

factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)).

A distinction, "often overlooked, [exists] between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction *in fact*, quite apart from any pleadings." *Walls v. Bd. of Regents of Se. Mo. State Univ.*, No. 1:09 CV 35 RWS, 2009 WL 2170176, at *1, (E.D. Mo. July 20, 2009), (emphasis added) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under rule 12(b)(6)." *Osborn*, 918 F.2d at 729. Under a factual attack, however, "no presumptive truthfulness attaches to the plaintiff's allegations," and the non-moving party does not have the benefit of Rule 12(b)(6) safeguards. *Id.* at 730. Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Id.* at 729. Because the Court looks at evidence outside of the pleadings, the Court will treat Defendant's motion as a factual attack.

### III.  DISCUSSION

Through the FTCA, the United States waives sovereign immunity and can be "held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment." *White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (quoting *Washington v. Drug Enf't Admin.*, 183 F.3d 868, 873 (8th Cir. 1999)). The United States is liable "in the same manner and to the same extent as a private individual under like circumstances" but only where the United States "if a private person, would be liable to the

3

claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674; 28 U.S.C. § 1346(b).

In this case, the acts alleged occurred at the VA hospital in St. Louis, Missouri; thus, if a private person could be liable for the acts alleged under Missouri's wrongful death statute, then the United States can be liable under the FTCA. Missouri's wrongful death statute states:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured[.]

Mo. Rev. Stat. § 537.080.1. The statute limits the class of persons who can bring a wrongful death suit to (1) the spouse, children, descendants of any deceased children, and father or mother of the deceased, (2) if none of those, then the brother or sister of the deceased or their descendants, and (3) if none of (1) or (2), a plaintiff ad litem. *Id*. A plaintiff ad litem is appointed "by the court having jurisdiction over the action for damages . . . upon application of some person entitled to share in the proceeds of such action." *Id*. A "person entitled to share in the proceeds of such action" is "determined according to the laws of descent." Mo. Rev. Stat. § 537.095.2; *see also Sullivan v. Carlisle*, 851 S.W.2d 510, 512-13 (Mo. 1993) ("The persons entitled to share in the proceeds recovered by the plaintiff ad litem are determined by § 537.095.2."). A wrongful death cause of action "does not belong to the deceased or even to a decedent's estate"; it belongs to the decedent's survivors. *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 (Mo. 2009); *Smith v. Tang*, 926 S.W.2d 716, 719 (Mo. Ct. App. 1996).

Here, King is an heir according to the laws of descent and entitled to share in the proceeds of such action. Neither King nor the other heirs had authority under the Missouri wrongful-death statute to pursue this claim without being appointed a plaintiff ad litem. *See* Mo. Rev. Stat. § 537.080.1(3). King does not have authority to pursue this claim without

4

appointment of a plaintiff ad litem because she does not qualify under sections (1) or (2) of § 537.080.1.  King could, and did, ask the Court to appoint a plaintiff ad litem, and believing Mullen was in a good position to serve, King asked the Court to appoint her.  Thus, Mullen, the appointed plaintiff ad litem, comes within the class of persons who can bring a claim against the United States under the FTCA because she can bring a claim under Missouri's wrongful death statute.  *See* 28 U.S.C. §§ 1346(b), 2674; Mo. Rev. Stat. 537.080.1(3).  To file an FTCA claim, Mullen must first have presented the claim to the appropriate federal agency and had the claim denied by the agency.  28 U.S.C. § 2675(a).  "[C]ompliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011).  In October 2018, Mullen presented a claim to VA as the personal representative of Ismail.  Doc. 1-1.  In June 2019, the VA denied the claim.  Doc. 1-2.

In *Mader*, the Eighth Circuit held that "a properly presented claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law."  *Id*. at 803.  The authority to present a claim comes from the applicable state law.  28 U.S.C. § 1346(b)(1); *see also Mader*, 654 F.3d at 801 (applying Nebraska law to determine if the plaintiff had authority to present a claim to the VA in Nebraska).  In *Mader*, the plaintiff, Ms. Mader, the widow of the deceased, presented a wrongful death claim to the VA as the "Personal Representative of the Estate of Robert L. Mader" but did not include any evidence of her authority to present the claim on behalf of any statutorily-designated beneficiaries.  654 F.3d at 798-99.  The VA contacted Ms. Mader's lawyer multiple times by letter and phone requesting evidence of her status as the personal representative of the estate, but neither her

5

lawyer nor Ms. Mader responded.  *Id*. at 799.  Consequently, the VA denied the claim for failure to submit evidence of authority to present the claim.  *Id*.

The question of Ms. Mader's authority remained unresolved during the five-year course of litigation at the administrative, trial, and appellate-court levels of the case.  *Id*. at 802.  The "critical fact" that Ms. Mader lacked authority "was concealed due to Ms. Mader's repeated refusal to disclose evidence of her status as personal representative to the VA."  *Id*. (footnote omitted).  It was not until oral argument before the Eighth Circuit en banc that Ms. Mader's lawyer admitted Ms. Mader's appointment as personal representative terminated before she submitted the claim to the VA.  *Id*. at 802.  Thus, at the time she presented the claim, Ms. Mader "lacked the requisite authority to file a claim with the VA or to file a wrongful death action against the United States in federal district court."  *Id*.

Turning to Mullen, at the time she presented the claim, she acted as a personal representative of Ismail, the decedent, not Ismail's survivors; in other words, this Court (the "court having jurisdiction over the action") had not yet appointed her plaintiff ad litem.  Mo. Rev. Stat. § 537.080.1(3).  Thus, at the time Mullen presented the claim to the VA, she could not have presented evidence of her authority to act on behalf of the claim's beneficiaries because she did not have the authority to do so.  As stated above, in Missouri, a wrongful death claim belongs to the decedent's survivors, not the estate.  *Lawrence v*, 273 S.W.3d at 527; *Smith*, 926 S.W.2d at 719.  Mullen's authority as personal representative of the estate, in contrast to her current position as plaintiff ad litem for the decedent's survivors, was not sufficient to present a claim for wrongful death.  Mo. Rev. Stat. § 537.080.1(3); *Smith*, 926 S.W.2d at 719; *Tang*, 926 S.W.2d at 719.  Without evidence of authority to present her claim to the VA, Mullen fails to satisfy § 2675(a), depriving the Court of jurisdiction over her FTCA claim.

This case presents a unique situation in which Mullen cannot file an FTCA lawsuit until she has presented the claim to the VA but she cannot present the claim to the VA until she has filed the lawsuit (technically speaking, until a court with jurisdiction over the claim has appointed her plaintiff ad litem under Mo. Rev. Stat. § 537.080.1(3)).  28 U.S.C. §§ 1346(b), 2675(a); *Mader*, 654 F.3d at 803.  The parties have not addressed whether Mullen or King had other avenues under Missouri law or in the courts to have Mullen appointed plaintiff ad litem for purposes of presenting the claim to the VA, but on the record before the Court, neither did so, depriving the Court of jurisdiction.  *Mader*, 654 F.3d at 803.  If such avenues are available, they should be pursued immediately.

Mullen suggests the Court should apply the doctrine of relation back where the actions of an individual before appointment as plaintiff ad litem are made valid as the acts of a duly-appointed plaintiff ad litem retrospectively upon the later appointment of the individual as plaintiff ad litem.  Mullen provides no support that Missouri applies the doctrine in this manner; she cites only to *Wozniak v. United States*, 701 F. Supp. 259 (D. Mass. 1988), a case that applies Massachusetts law.  In *Smith*, a Missouri appellate court referenced the doctrine that Mullen refers to as "a common law doctrine under which the subsequent appointment of a person as administrator of an estate relates back to the death of the testator and validates all acts of the administrator which would have been lawful and authorized if the administrator had been earlier appointed."  926 S.W.2d at 718.  The court further stated this doctrine "relates to the administrator's liability for paying claims filed against the estate prior to appointment" and "does not give an administrator retroactive standing in a previously filed and dismissed court action so as to avoid the statute of limitations."  *Id*. at 718-19.  *Smith v. Tang* does not suggest that this

7

doctrine, even if recognized by Missouri courts, which is questionable, applies to plaintiffs ad litem and not solely estate administrators.

Further, Missouri's relation-back doctrine as to the amendment of pleadings and the statute of limitations cannot save Mullen even if it applied to actions taken before the filing of a lawsuit. When an individual with "no legal or beneficial interest in its subject matter" files a lawsuit, the substitution of the proper party after the statute of limitations has expired does not relate back and the statute of limitations bars the new action. *Thorson v. Connelly*, 248 S.W.3d 592, 595 (Mo. 2008). Here, Mullen had no legal or beneficial interest in a wrongful death cause of action at the time she presented her claim to the VA because she is not an individual who can share in the proceeds of the action because she is not an heir of Ismail. *See* Mo. Rev. Stat. § 537.080.1; Mo. Rev. Stat. § 537.095.2. Therefore, her subsequent appointment as plaintiff ad litem cannot relate back to her presentment of the claim to the VA because she had no legal or beneficial interest in the presentment of the claim. The Court cannot find any case to support Mullen's argument here – that her subsequent appointment as plaintiff ad litem should confer authority on her prior actions when she was not plaintiff ad litem so as to satisfy the jurisdictional requirements of a statute.

Under *Mader*, Mullen must have presented her claims to the VA along with evidence of her authority to present such claims to satisfy the jurisdictional requirements of § 2675(a) of the FTCA. She could not do so because her authority to present such claims derives from her appointment as plaintiff ad litem, which could not have occurred until King filed the lawsuit and asked Mullen be appointed as such. Consequently, the Court lacks jurisdiction over this case and must dismiss it.

The Court recognizes that this case presents a Helleresque "catch-22."[1]  The Court unfortunately is powerless to rectify it because the federal and state statues compel the result, and courts must follow statutes as written, even when doing so leads to objectionable results.  *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930) ("Laws enacted with good intention, when put to the test, frequently and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable.  But in such case the remedy lies with the lawmaking authority, and not with the courts.").  As the *en banc* Eighth Circuit noted in *Mader*, "the FTCA is adversarial and cannot be reasonably classified as claimant friendly…[and] is replete with mandates, deadlines, requirements and exceptions that reinforce the Act's jurisdictional brand."  654 F.3d at 808 (footnote omitted), (citing 28 U.S.C. §§ 1346(b)(1), 2401-02, 2671-2680); *cf. Crooks*, 282 U.S. at 61 (applying the principle that "unless the Constitution be violated, Congress may [set the rules] as it sees fit; and if it does so in plain terms, as it has done here, it is not within the province of the court to modify the law by construction.").   Unless other avenues exist under Missouri law or in the courts to have Mullen appointed plaintiff ad litem to present the claim to the VA, the Court is unaware of any, only the legislature—here, either Congress or the Missouri General Assembly—has authority to remedy the catch-22.

---

[1] In Joseph Heller's fictional novel *Catch 22*, the main character Yossarian is a World War II fighter pilot who seeks to be relieved of flying bombing missions on the basis of his self-proclaimed insanity, but under applicable regulations he cannot be relieved because only a sane person would claim that he is insane to avoid flying missions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction [6] is **GRANTED**.  This case is **DISMISSED**, without prejudice. A separate order of dismissal will issue.

So Ordered this 23rd day of June, 2020.            *SLR. CR*

                                        **STEPHEN R. CLARK**
                                        **UNITED STATES DISTRICT JUDGE**